**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                    CASE NO. 05-MJ-80716

      vs.                             MAGISTRATE JUDGE MONA K. MAJZOUB

BEATINA MARSHALL,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REMOVE NAME OUT OF THE FBI DATABASE (DOCKET NO. 16) AND DENYING DEFENDANT'S MOTION TO SET ASIDE A CONVICTION (DOCKET NO. 20)

Before the Court are two *pro se* motions filed by the Defendant. The first motion is Defendant's "Motion to Remove Complaint Beatina Marshall out of the Federal Bureau of Investigation Database," filed on September 16, 2009. (Docket no. 16). The second motion is Defendant's Motion to Set Aside a Conviction, filed on September 28, 2009. (Docket no. 20). Despite the title of the second motion, Defendant has not been convicted of a crime. Instead, in both motions she seeks to have her name removed from the FBI database so that she can secure employment. The Government filed a response in opposition to Defendant's motions. (Docket no. 19). The Court dispenses with oral argument pursuant to E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

On August 11, 2005 a U.S. Postal Inspector filed a criminal complaint against Defendant alleging that on five separate occasions Defendant used financial instruments stolen from the mail to purchase items or pay for bills. (Docket no. 19, Ex. A). On February 21, 2006, the Government

moved to dismiss the complaint because it needed additional time to investigate the charges and determine whether it should proceed with the criminal prosecution. (Docket no. 14). The Court granted the Government's motion and dismissed the complaint without prejudice. (Docket no. 15). National Crime Information Center ("NCIC") criminal history records for the Defendant reflect that she was arrested and charged with three offenses - "Fraud and Related Activity in Connection with Access Devices; Bank Fraud; and Theft or Receipt of Stolen Mail Matter Generally" - and that each charge was dismissed. (Docket no. 19, Ex. B).

Defendant states that she holds a degree in criminal justice, and argues that because her name has remained in the FBI database following the dismissal of the criminal charges more than 4 years ago, she has been denied employment with the police department, the United States Department of Commerce, the U.S. Census Bureau, correctional facilities, and police security. She moves the Court for an order requiring the FBI to remove her name from their database so that she can pursue employment. (Docket nos. 16, 20).

Defendant does not cite any federal statute which gives the Court the authority to expunge her records. The Government contends that Defendant is relying upon the Court's equitable powers and that after the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), this Court lacks jurisdiction to order the relief sought by Defendant. Based on the *Kokkonen* decision several federal courts have determined that district courts lack jurisdiction to expunge criminal records based on equitable grounds. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007) (district court lacked jurisdiction to consider request for expungement of criminal record on equitable grounds; agreeing with Third, Eighth, and Ninth Circuits). Additionally, the Seventh Circuit, in a pre-*Kokkonen* case, held that a district court does not have jurisdiction to expunge

2

criminal records maintained by the FBI or any other Executive Branch agency. *United States v. Janik*, 10 F.3d 470, 473 (7th Cir. 1993).

The Sixth Circuit has not addressed this issue in a published opinion. In an unpublished decision from 2009, after *Kokkonen* was decided, the Court affirmed the district court's order, finding no abuse of discretion in the court's denial of a motion to expunge. *Thompson v. Rutherford County, Tenn.*, 318 Fed. Appx. 387 (6th Cir. 2009). The *Thompson* court found that it did not need to resolve the jurisdictional issue because the appellant had not "come close to establishing an extraordinary circumstance" which could tip the balance in favor of expungement. *Id.* at 388-89.

If the Sixth Circuit determines to follow the trend after *Kokkonen* and holds that the district courts lack jurisdiction to expunge criminal records on equitable grounds, the relief that Defendant seeks would be denied. Even if the Sixth Circuit were to find that expungement is possible under extraordinary circumstances, relief would still be denied because Defendant has not identified extraordinary circumstances in her motion. Defendant's request based on employment concerns is not extraordinary and does not outweigh the Government's need to maintain accurate criminal records. Although the charges against the Defendant were dismissed, they were dismissed without prejudice and the Government has not conceded her innocence. *See, e.g., United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990) (expunging records where the Government dismissed all charges and conceded the defendant's innocence). Defendant's NCIC criminal history records accurately reflect her arrest and the dismissal of her charges. She has not shown that her circumstances warrant the relief sought.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

3

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: 4/8/10       s/ Mona K. Majzoub
                        MONA K. MAJZOUB
                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that copy of this Order was served upon Beatina Marshall and Counsel of Record on this date.

Dated: April 8, 2010       s/ Lisa C. Bartlett
                          Case Manager